UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AGUSTIN GALICIA II, | Case No. 2:17-CV-2495 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| PLUSFOUR, INC., | |
| Defendant(s). | |

Presently before the court is defendant PlusFour Inc.'s motion to dismiss. (ECF No. 8). Plaintiff Agustin Galicia II filed a response (ECF No. 18), to which defendant replied (ECF No. 19).

**I.  Facts**

The instant action involves allegations of inaccurate credit reporting in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2011) (the "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2011) (the "FCRA").

Plaintiff alleges that defendant erroneously reported three collection accounts on plaintiff's national credit profiles. (ECF No. 7 at 3). Plaintiff also alleges that defendant's report included incorrect and inaccurate debt balances because the charges related to these three accounts were the result of identity theft. (ECF No. 7 at 2). According to plaintiff, defendant reported the first two erroneous accounts in 2013, and defendant reported the third erroneous account "later in 2014."[1]
*Id.*

---

[1] Plaintiff alleges violations with respect to three separate collection accounts—two collection accounts in 2013 and one collection account in 2014—even though he refers to the 2014 account as a "second erroneous account." (ECF No. 7).

1 | Plaintiff asserts that he contacted defendant twice to dispute the erroneous accounts. *Id.* The first time plaintiff reports that he contacted defendant about the dispute was in April 2014. Plaintiff claims that he contacted defendant a second time to dispute the erroneous accounts after defendant reported the third erroneous account in 2014. Plaintiff also claims, in his response to defendant's motion, that he disputed these three erroneous accounts with the national credit agencies (i.e., credit reporting agencies or "CRA's"), including TransUnion, Experian, and Equifax in September of 2016. *Id.;* (ECF No. 7 at 3; ECF No. 18 at 13).

Plaintiff alleges that defendant unlawfully ignored his dispute in violation of the FDCPA, the FCRA, and industry standards, causing harm to plaintiff's credit, impairing plaintiff's access to financing, as well as harassing, abusing and oppressing plaintiff until plaintiff suffered "meaningful emotional distress," including excessive worry, frustration, sleeplessness, anger, humiliation, chagrin, embarrassment, and "other mental anguish." (ECF No. 7 at 3-5).

Plaintiff further asserts that defendant continued to report the disputed balance to Equifax, failed to conduct an adequate investigation of the debts in dispute, and failed to remove the erroneous debts even after defendant confirmed the debts were a result of identity theft and did not belong to plaintiff. (ECF No. 17).

On September 26, 2017, plaintiff filed his original complaint. (ECF No. 1). Plaintiff filed the underlying amended complaint on January 5, 2018, for damages, alleging two claims for relief against defendant: (1) violations of the FDCPA; and (2) violations of the FCRA. (ECF No. 7).

In the instant motion, defendant moves to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8).

**II.    Legal Standard**

When considering a Rule 12(b)(6) motion for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150, n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the moving party. *Shwarz v. U.S.,* 234 F.3d 428, 435 (9th Cir. 2000). Generally, the court should only look to the contents of the

complaint during its review of a 12(b)(6) motion to dismiss; however, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.; see also Durning v. First Bos. Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The issue is whether a claimant is entitled to offer evidence to support the claims, not whether the claimant will ultimately prevail. *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *See Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant moves to dismiss plaintiff's amended complaint. Plaintiff's claims will be addressed in turn to determine whether dismissal is appropriate.

#### A. The FCRA

According to plaintiff's amended complaint, defendant allegedly violated the FCRA by reporting inaccurate information to CRAs, failing to adequately investigate plaintiff's dispute, and failing to report or correct the disputed balance to CRAs. (ECF No. 7). In response to defendant's motion to dismiss, plaintiff asserts that each independent reporting of the erroneous accounts by defendant to CRAs constituted a discrete act that re-started the two-year statute of limitations. *Id.* at 6-8.

On the other hand, defendant argues that dismissal is proper because plaintiff's FCRA claims are time-barred and because plaintiff's complaint fails to plead a violation of the FCRA as it pertains to defendant as a furnisher of information to CRAs. (ECF No. 19 at 4-7). To the extent plaintiff alleges that the statute of limitations should re-start anew because each subsequent reporting of his claims was a discrete incident, defendant contends that additional complaints made about the same erroneous information does not re-start the statute of limitations. *Id.*

Congress enacted the Fair Credit Reporting Act in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b)." *Waldrop v. Green Tree Servicing, LLC*, No. 214CV2091JCMGWF, 2015 WL 5829879, at *3 (D. Nev. Oct. 5, 2015) (quoting *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003)).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. § 1681n–o; *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Further, the limitations period for a claim under the FCRA is the earlier of two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation occurred. 15 U.S.C.A. § 1681p.

Here, plaintiff discovered the violations and began reporting the inaccuracies in his credit reports in 2013 and "later in 2014." Plaintiff filed suit on September 26, 2017. All of the transactions plaintiff raises in his amended complaint occurred, at the latest, before January 1, 2015. The only events in plaintiff's amended complaint that occurred after January 1, 2015, are his additional reports to defendant and CRAs that the information was incorrect.

Other courts have found, and this court agrees, that additional reports such as these cannot restart the limitations period because to do so would allow plaintiff to indefinitely extend the limitations period by simply sending another complaint letter to CRAs, which undermines the statute of limitations set by Congress. *Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d 917, 918–919 (N.D. Tex. 2006); *see also Hancock v. Charter One Mortg.*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich., May 30, 2008) (holding that subsequent dispute letters regarding the same erroneous information does not restart the statute of limitations period when plaintiffs knew of the errors on their credit report more than two years before they filed suit); *Blackwell v. Capital One Bank,* No. 606CV066, 2008 WL 793476, at *3 (S.D.Ga., Mar. 25, 2008) (holding that

James C. Mahan
U.S. District Judge

- 5 -

permitting claims to go forward on the basis of subsequent complaint letters would allow plaintiffs to indefinitely extend the limitations period and render it a nullity, "an anomalous result").

Here, plaintiff asserts that three accounts were erroneously reported by defendant to CRAs, two in 2013, and one "later in 2014." (ECF No. 7, 18). Based upon plaintiff's own assertions, plaintiff filed his complaint outside the two-year statute of limitations because plaintiff discovered these erroneous accounts in 2013 and 2014. *Id.* Despite plaintiff's allegations to the contrary, his subsequent reports disputing these three accounts do not constitute discrete events such that they would toll or re-start the statute of limitations. *See Bittick*, 419 F. Supp. 2d at 918–919.

Plaintiff's FCRA claims are time-barred because plaintiff did not file his complaint until September 26, 2017. *Id.* Accordingly, the court will grant defendant's motion to dismiss plaintiff's FCRA claims with prejudice.

### B. The FDCPA

The FDCPA provides protection from abusive debt collection practices. 15 U.S.C. § 1692 (2011). "The FDCPA bars the use of any false, deceptive, or misleading representation in connection with the collection of any debt." *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 997 (9th Cir. 2012) (citing 15 U.S.C. § 1692e). The FDCPA further prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. 2011) (quoting 15 U.S.C. § 1692f(1)).

In order to bring a claim under the FDCPA, a plaintiff must file his or her complaint within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d); *see e.g., Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 302 (6th Cir. 2008) (holding that "violation[s] must occur within the limitations period, not just be the later effects of an earlier time-barred violation"); *Pittman v. J.J. Mac Intyre Co., of Nev., Inc.*, 969 F. Supp. 609, 611 (D Nev. 1997) (holding that claims occurring outside the one-year statute of limitations are not actionable).

Here, plaintiff alleges that defendant violated various provisions of the FDCPA in relation to two "erroneous collection accounts" when defendant reported these accounts to national credit agencies in 2013. (ECF No. 7 at 3). Plaintiff alleges that he contacted defendant immediately

James C. Mahan
U.S. District Judge

- 6 -

after the violations occurred. (ECF No. 7). However, plaintiff filed his original complaint on September 26, 2017. (ECF No. 1). Thus, plaintiff's claims under the FDCPA regarding the 2013 debts are barred because he did not bring his claims within one year from the date of the violations. *Id.*; *see also* 15 U.S.C. § 1692k(d).

Plaintiff also alleges that defendant reported a third erroneous account to CRAs "[l]ater in 2014." (ECF No. 7, 18). Plaintiff alleges that he contacted defendant immediately after the violation occurred. (ECF No. 7). Further, plaintiff received a credit report on August 22, 2016, which included all three of the alleged erroneous accounts. (ECF No. 7 at 13). However, plaintiff did not file his complaint until September 26, 2017. *Id.* Therefore, the 2014 debt is likewise barred. *Id.*

Plaintiff asserts that each independent reporting of the erroneous accounts by defendant to CRAs constituted a discrete act that re-started the two-year statute of limitations. *Id.* at 6-8. However, as the court held in the context of plaintiff's FCRA claim, the limitations period does not re-start solely because of subsequent additional reports of the same erroneous accounts. *Bittick*, 419 F. Supp. 2d at 918–919; *see also Hancock v. Charter One Mortg.*, 2008 WL 2246042, at *2; *Blackwell v. Capital One Bank,* 2008 WL 793476, at *3.

Like plaintiff's FCRA claims, plaintiff's FDCPA claims are time-barred because he did not file his complaint until September 26, 2017. Accordingly, the court will grant defendant's motion to dismiss plaintiff's FDCPA claims with prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's amended complaint be, and the same hereby is, DISMISSED WITH PREJUDICE.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

The clerk is instructed to enter judgment accordingly and close the case.

DATED July 23, 2018.

_____
UNITED STATES DISTRICT JUDGE